United States District Court
District of South Carolina

| | |
|---|---|
| David Jermaine Gibson, #269624; ) | C/A No.5:05-2490-RBH-BM |
| ) | |
| Plaintiff; ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| Morton Custom Plastics, a Wilber Company; Alonzo ) | |
| Humphrey; Dwight Fredrick; and Katherine Kingsbury ) | |
| Lang; ) | |
| ) | |
| Defendants. ) | |
| ) | |

  The Plaintiff, David Gibson (hereafter, the "Plaintiff"), a state prisoner proceeding *pro se*, has filed this action alleging that he has been subjected to employment discrimination by the Defendants. Plaintiff is currently incarcerated at the Broad River Correctional Institution (BRCI), in Columbia, South Carolina.

  As Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, however, this *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

  The narrative of the Complaint is set forth verbatim hereafter:

> The plaintiff have brought this proceeding pro se, since these Defendants have fired me without just cause. I have proof and witnesses when time for trial, since the plaintiff was singled out by being forced to take a drug test, since no one else at this company had to do the same, plus I was made to use my own vehicle at my own expense, and so forth I feel that this so call [sic] policy denied Due Process and is



injustice to every person that they did like this and I will explain in detail when time for trial concerning this wrongdoing.  Furthermore, I was the only one harrassed [sic] and mistreated like this.  Therefore, this make them liable for their official misconduct, since I did no wrongdoing whatsoever and the evidence from the record will prove the same also.  I was also harrassed [sic] and accused of cheating on my hours and so forth which was false accusation from the start.
In January, 2004, I was called into the Human Resources office and was told by the Human Resource Katherine Kingsbury that I was placed under investigation for forging my time.  She told me that he supervisor called her and told her than another employee called the job hotline and reported that I was forging my time.  She said the [sic] he ordered her to put me under investigation.  After my investigation was over in which I was cleared of, because I did no wrong-doing, I was called back into the Human Resources Office again by Katherine Kingsbury about 2 weeks later.  This time she stated that the same employee called the job hotline again a [sic] stated that I was using illegal drugs.  Her boss called her and ordered here to set me up an appointment for a drug test.  as a result, I was forced to clock out of work to take a drug test.  They, the company did not take me to take the drug test.  I was forced to clock out and get off work and drove myself to take the drug test.  I drove from work which is in Calhoun County to the Orangeburg Family Health Center in Orangeburg County to take the drug test.  I was not compenstated [sic] for my gas and the milage [sic] that I put on my car.  The final result of the drug test is that I passed the drug test.
Again in May 2004 I was being harrassed [sic] once again and put under investigation forging my time, due to an employee the same employee calling the hotline.  This time I was placed on a 3 day suspension by a new Human Resource whose name is Alonzo Humphrey.  After my 3 days was up I returned back to work.  I was at work for about 45 minutes to an hour when Alonzo Humphrey called the plant and told me to leave work until he comes back from his vacation.  When he came back he called me at home and told me to come in at 3:00 and when I got there he fired me.  I worked on this job for 15 months.  I work 80 to 85 hours a week driving fork-lift.  I feel like I put others life in jeopardy at work and on the highway, as well as myself, due to more work and less sleep.  I was paying child support and due to me losing my job I fell behing [sic] in child support.  I feel that since any company fail to follow there [sic] own (policy) [sic] when itself is a violation of Due Process and this alone violate Due Process.
I am suing for 5 million dollars for depriving me Due Process and accusing me of cheating on my time and hours, also firing me without a reason, harrassment, discrimination by being single out, and negilgence [sic].  Whereas I have lost a whole lot of sleepless nights which has caused me much prejudice and significant hardship, psychological problem and undo [sic] stress behind this wrongdoing since I did everything right on my part when I worked for these defendants.  I want the court to award me punitive damages since this was more than just negilence v. What deem just and proper for the court plus reasonable attorney fees and interest.

[1-1, pp. 3-5.]

On August 31, 2005, the undersigned filed an order directing Plaintiff to respond to Special Interrogatories.  The interrogatories sought to determine if Plaintiff filed timely complaints with



either the United States Equal Employment Opportunity Commission (EEOC) or the South Carolina State Human Affairs Commission (SCSHAC) under 42 U.S.C. § 2000e-5.  Plaintiff filed his answers on September 8, 2005, stating therein that he has at no time filed charges with either the EEOC or SCSHAC, nor has he ever received a Notice of Right to Sue (EEOC Form 161).  [4-1, p. 1.]

## DISCUSSION

Under 42 U.S.C. § 2000e-5(f)(1), a plaintiff must first file an employment discrimination complaint with the EEOC and receive a Notice of Right to Sue (EEOC Form 161) prior to instituting a private cause of action for employment discrimination in a United States District Court.  This statutory requirement serves the important goal of conciliation and persuasion as an enforcement device.  In EEOC v. Henry Beck Company, 729 F2d 301 (4th Cir. 1984) the Fourth Circuit explained this core objective in terms that should be cited in full:

> Encouraging voluntary compliance with Title VII is among the Commission's most essential functions. See EEOC v. Raymond Metal Products Co., 530 F.2d 590, 596 (4th Cir.1976); Patterson v. American Tobacco Co., 535 F.2d 257, 272 (4th Cir.), cert. denied, 429 U.S. 920, 97 S.Ct. 314, 50 L.Ed.2d 286 (1976). Indeed, when the Commission was created in 1964, it had power only to investigate complaints and negotiate voluntary compliance. Not until Congress amended the Act in 1972 did it give the Commission authority to seek federal court enforcement of Title VII. See EEOC v. Cleveland Mills Co., 502 F.2d 153, 155 (4th Cir.1974), cert. denied, 420 U.S. 946, 95 S.Ct. 1328, 43 L.Ed.2d 425 (1975). In Alexander v. Gardner-Denver Co., 415 U.S. 36, 44, 94 S.Ct. 1011, 1017, 39 L.Ed.2d 147 (1974), the Supreme Court stated that:
> ["]Cooperation and voluntary compliance were selected as the preferred means for achieving this goal [of assuring equality of economic opportunity]. To this end, Congress created the Equal Employment Opportunity Commission and established a procedure whereby existing state and local equal employment opportunity agencies, as well as the Commission, would have an opportunity to settle disputes through conference, conciliation, and persuasion before the aggrieved party was permitted to file a lawsuit. ["]

729 F. 2d at 303-304.

A complaint by Plaintiff to SCSHAC or the EEOC might well clarify the issues involved in



3

this case and, possibly, lead to a settlement of his claim.  Because Plaintiff admits he has never sought this administrative relief, the present action should be dismissed without prejudice as premature for litigation in this Court.

## **CONCLUSION**

Based on the foregoing, it is recommended that the within Complaint be dismissed without prejudice and without issuance or service of process.

Plaintiff's attention is directed to the Notice on the following page.

Respectfully Submitted,

Bristow Marchant
United States Magistrate Judge

September __26__, 2005
Columbia, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
